MARSTILLER, J.,
concurs, in part, and dissents, in part.
While I concur in the decision to reverse the order denying West Flagler’s application for a new summer jai alai permit, and I agree with much of the majority’s reasoning, respectfully, I do not agree that “the at-most-every-other-year approach the Division urges”[2] is wholly incompatible with the language of section 550.0745(1).
The provision reads, in pertinent part: The owner or operator of a pari-mutuel permit who is authorized by the division to conduct pari-mutuel pools on exhibition sports in any county having five or more such pari-mutuel permits and whose mutuel play from the operation of such pari-mutuel pools for the 2 consecutive years next prior to the filing of an application under this section has had the smallest play or total pool within the county may apply to the division to convert its permit to a permit to conduct a summer jai alai fronton in such county during the summer session commencing on May 1 and ending on November 30 of each year on such dates as may be selected by the permittee.... If a per-mittee who is eligible under this section to convert a permit declines to convert, a new permit is hereby made available in that permittee’s county to conduct summer jai alai games as provided by this section, notwithstanding mileage and permit ratification requirements.
§ 550.0745(1), Fla. Stat. (2012) (emphasis added). As I read the statute, the word “consecutive” refers to the eligibility period for converting a pari-mutuel permit to a summer jai alai permit, and does not, as the majority opinion seems to conclude, mandate annual availability and issuance of a summer jai alai permit. To the extent the Division interprets and applies the statutory language highlighted above to require a pari-mutuel permit holder who has obtained a conversion summer jai alai permit to wait two years before again applying, I believe the language accommodates such an interpretation. The two-year qualification period must have some significance relative to the frequency with which a conversion permit holder is eligible to apply for a subsequent conversion permit; else, the Legislature could have specified that, annually, the permit holder with the smallest play for the two consecutive prior years may apply for conversion.
However, I do agree with the majority that the statutory language does not support the Division’s position that in no event can it consider an application for a conversion summer jai alai permit until two years after a prior conversion permit was issued. Here, Hialeah Park, which, all parties agree, had the lowest handle in Miami-Dade County for fiscal years 2010-11 and 2011-12, qualified for a conversion permit. Nothing in section 550.0745(1) prohibited the Division from considering the 2010-11 total pool data as to Hialeah Park simply because the same data had been relevant to granting West Flagler a conversion permit previously. And if, as the record suggests (but does not establish), Hialeah has opted not to convert its permit to a summer jai alai permit, a new permit has become available as provided by section 550.0745, and West Flagler should be able to apply for it.

. Maj. op. at 422.